**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

JORDAN DENNIS

                  Plaintiff,

vs.

                                  Case No.: 3:22-cv-177

OSHKOSH DEFENSE, LLC,
OSHKOSH CORPORATION and
GREGORY ANDREW BAKER

                  Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and without waiving any rights, privileges or defenses, Defendants, Oshkosh Defense, LLC and Oshkosh Corporation (collectively "Oshkosh"), hereby remove the action entitled *Jordan Dennis v. Oshkosh Defense, LLC, Oshkosh Corporation and Gregory Andrew Baker*, Case Number 22-CVS-3281, filed in the Superior Court of North Carolina, Mecklenburg County, to the United States District Court, Western District of North Carolina (the "Action"), based on the following grounds:

### STATE COURT ACTION

1.      On March 1, 2022, Plaintiff commenced the Action in the Superior Court of North Carolina, Mecklenburg County, with the filing of a Summons and Complaint. See Ex. A (Summons and Complaint).

2.      Plaintiff alleges that on that on June 6, 2019, the Plaintiff, Cpl. Jordan Dennis, delivered cargo consisting of 12 wooden crates at a "JLTV Install Site" at Camp

Lejune, North Carolina, a military base for the United States Marine Corps. <u>See</u> Ex. A at ¶¶ 12-16.

3.      Plaintiff further alleges that a forklift operator began unloading the cargo at the site when he knocked the top crates loose, causing them to fall off the truck and injure Plaintiff. <u>See</u> Ex. A at ¶¶ 26-31.

4.      Plaintiff has asserted a cause of action based in negligence against Oshkosh, alleging, among other things, that it failed to properly train and supervise its employees on site. <u>See</u> Ex. A at ¶¶ 34-42.

5.      Defendant Oshkosh Defense, LLC was served with process on March 7, 2022 via CT Corporation System. <u>See</u> Ex. B (Service of Process Transmittal).

6.      Defendant Oshkosh Corporation was served with process on March 7, 2022 via CT Corporation System. <u>See</u> Ex. C (Service of Process Transmittal).

7.      The Complaint alleges that damages are "in excess $25,000.00 plus interest." <u>See</u> Ex. A.

8.      On March 21, 2022, Oshkosh served Plaintiff with a Request for Admission that Plaintiff is seeking damages in excess of $75,000.00. <u>See</u> Ex. D (Request for Admission).

9.      On March 30, 2022, Oshkosh served its Answer and Affirmative Defenses. Oshkosh denied all of the material allegations. <u>See</u> Ex. E (Answer).

### DIVERSITY JURISDICTION

10.     Pursuant to 28 U.S.C. § 1441(a), any civil action brought in state court of which the district courts of the United States have original jurisdiction can be removed.

2

Pursuant to 28 U.S.C § 1332 the district court has original jurisdiction when the matter in controversy exceeds $75,000.00 and is between citizens of different states.

11.     At the time of the commencement of the Action, Plaintiff resided in the County of Mecklenburg, State of North Carolina. See Ex. A at ¶ 1.

12.     Oshkosh Defense, LLC is a Wisconsin corporation with its principal place of business at 2307 Oregon Street, Oshkosh, Wisconsin.  See Ex. F (Corporation Search).

13.     Oshkosh Corporation is a Wisconsin corporation with its principal place of business at 1917 Four Wheel Drive, Oshkosh, Wisconsin.  See Ex. G (Corporation Search).

14.     The Complaint alleges that Defendant Gregory Andrew Baker ("Baker") is a citizen and resident of Athens, Alabama.  See Ex. A at ¶ 6.

15.     Pursuant to North Carolina Rules of Civil Procedure 36, Plaintiff had 30 days to serve a response to the Request for Admission or it will be deemed admitted. The 30-day period for Plaintiff to respond to the Request for Admission expired on April 20, 2022.

16.     On April 20, 2022, Plaintiff served a Response to the Request to Admit that admitted the amount in controversy exceeds $75,000.00.  See Ex. H (Response to RFA).

17.     In light of the foregoing, diversity jurisdiction exists in this matter.

**REMOVAL IS TIMELY**

18.     Pursuant to 28 U.S.C. 1446(b)(2)(B), defendants shall have 30 days after service of the initial pleading to file a notice of removal.  The Summons and Complaint

were served on Oshkosh on March 7, 2022, and therefore Oshkosh had until April 6, 2022 to remove this matter to federal court under this subsection.  See Exs. B and C.

19.      Further, pursuant to 28 U.S.C. 1446(b)(3), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  See York v. Prop. & Cas. Ins. Co., 592 F. App'x 148, 151 (4th Cir. 2014) (notice of removal must be within 30 days after receipt of some paper "from which it may be first ascertained that the case… is or has become removable."); Lovern v. GMC, 121 F.3d 160, 161 (4th Cir. 1997) (30-day time limitation on removing case began when defendant received papers where it can "first be ascertained" that case was removable to federal court).

20.      The Action was not removable when Oshkosh was served with process on March 7, 2022 because the Complaint set forth damages "in excess of $25,000.00."  See Ex. A.  See Boss v. Nissan North America, Inc., 228 Fed.Appx. 331 (4th Cir.2007) (defendant timely removed the case on diversity grounds within 30 days after receipt of answers to interrogatories showing diversity even though filed 88 days after service of a complaint which did not reveal citizenship); Hoffman v. Vulcan Materials Co., 19 F. Supp. 2d 475, 479 (M.D.N.C. 1998) (when jurisdiction is not plain from the complaint, defendant must have evidence to support claim that amount in controversy is met).

21.      This case became removable on April 20, 2022, the day Plaintiff admitted that the amount in controversy exceeds $75,000.00.

22.     Therefore, Defendants have until May 21, 2002 to timely remove this matter to federal court.

23.     This notice of removal is timely pursuant to both 28 U.S.C. 1446(b)(2)(B) and 28 U.S.C. 1446(b)(3).

24.     Pursuant to 28 U.S.C. § 1446(c)(1), this case is being removed less than one (1) year after it was commenced against Defendants.

25.     The United States District Court for the Western District of North Carolina includes the county in which the state court action is now pending (Mecklenburg County).   Venue of this removal is proper under 28 U.S.C. § 113(c) because this is the "district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a).  Thus, removal to this Court is appropriate.  28 U.S.C. § 1446(a).

## PROCEDURAL REQUIREMENTS

26.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served in this action are attached to this Notice of Removal.  See Exs. A through G.

27.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to the removal.  Upon information and belief, Baker was served with process on March 5, 2022.  On April 21, 2022, counsel for Baker consented to the removal of this matter to federal court.

28.     Pursuant to 28 U.S.C. § 1446(d), Defendants will serve a copy of this Notice of Removal on Plaintiff and will file a copy of this Notice of Removal with the clerk of the State Court.

5

29.    By filing this Notice of Removal, Oshkosh does not waive any defense that may be available to it.

30.    Oshkosh reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Oshkosh hereby removes this action to the United States District Court for the Western District of North Carolina.


DATED:    April 22, 2022

*/s/Paul J. Osowski*
Paul J. Osowski, N.C. Bar No. 23423
NELSON MULLINS RILEY
 & SCARBOROUGH, L.L.P.
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
(704) 417-3000
paul.osowski@nelsonmullins.com

and

Anthony J. Colucci, III (*pro hac vice* forthcoming)
Marybeth P. Mantharam (*pro hac vice* forthcoming)
COLUCCI & GALLAHER, P.C.
2000 Liberty Building
Buffalo, New York 14202-3695
(716) 854-8671
ajc3@colucci-gallaher.com
mpm@colucci-gallaher.com

A*ttorneys for Oshkosh Defense, LLC and Oshkosh Corporation*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served a copy of the foregoing document upon counsel of record by e-mail and mailing a true copy thereof, through the United States Mail, first class, postage prepaid, on April 21, 2022, and addressed as follows:

Michael D. Maurer, Esq.
Law Office of Michael D. Maurer, P.A.
1522 Sunday Drive, Suite 302
Raleigh, North Carolina 27607
(919) 800-8359
mike@maurerlawpa.com
*Attorneys for Plaintiff*

Kenneth B. Rotenstreich
Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
101 S. Elem Street, Suite 350
Greensboro, North Carolina 27401
(336) 272-4810
kbr@trslaw.com
*Attorneys for Defendant Gregory Andrew Baker*

*/s/Paul J. Osowski*
Paul J. Osowski, N.C. Bar No. 23423
NELSON MULLINS RILEY
 & SCARBOROUGH, L.L.P.
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
(704) 417-3000
paul.osowski@nelsonmullins.com

7