# EXHIBIT A

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                                      SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG             22-CVS-3281

JORDAN DENNIS,

Plaintiff,

vs.

OSHKOSH DEFENSE, LLC;                    COMPLAINT
OSHKOSH CORPORATION; AND            (JURY TRIAL DEMANDED)
GREGORY ANDREW BAKER

Defendants.

NOW COMES the Plaintiff, Jordan Dennis, by and through the undersigned counsel, and complaining of the Defendants, hereby alleges and says as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jordan Dennis ("Dennis") is a citizen and resident of Mecklenburg County, NC.

2. Defendant Oshkosh Defense, LLC is a corporation organized under the laws of Wisconsin with its principal office located at 2307 Oregon St., Oshkosh, WI 54902.

3. At all relevant times, Oshkosh Defense, LLC directly and/or through its subsidiaries or agents did business in North Carolina pursuant to a Certificate of Authority effective on or about July 23, 2014. Its registered agent is CT Corporation Systems, with a mailing address of 160 Mine Lake Ct., Suite 200, Raleigh, NC 27615.

4. Defendant Oshkosh Corporation is a corporation organized under the laws of Wisconsin with its principal office located at 1917 Four Wheel Drive, Oshkosh, WI 54902.

5. At all relevant times, Oshkosh Corporation[1] directly and/or through its subsidiaries or agents did business in North Carolina pursuant to a

---

[1] Oshkosh Defense, LLC and Oshkosh Corporation will be collectively referred to herein as "Oshkosh." All allegations that pertain to Oshkosh Defense, LLC shall be deemed to pertain to

Certificate of Authority effective on or about July 24, 2014. Its registered agent is CT Corporation Systems, with a mailing address of 160 Mine Lake Ct., Suite 200, Raleigh, NC 27615.

6. Defendant Gregory Andrew Baker ("Defendant Baker" or "Baker") is, upon information and belief, a citizen and resident of Athens, AL, whose last known address is 25867 Copeland Rd., Athens, AL 35613.

7. At all relevant times, Baker was an employee or agent of Oshkosh acting within the scope of said employment or agency.

8. This Court has subject matter jurisdiction over this lawsuit pursuant to N.C.G.S. § 7A-243, as this is a civil action in which the amount in controversy exceeds $25,000.00.

9. This Court has personal jurisdiction over all defendants pursuant to N.C.G.S. § 1-75.4 et seq. based on the following:

    a. defendants have done substantial business within this jurisdiction, directly and through their representatives, subsidiaries, and/or predecessors in interest since 2014;
    b. defendants conduct business within this state pursuant to the Certificates of Authority described supra, issued by the North Carolina Secretary of State;
    c. the matters complained of herein arose out of acts or omissions by defendants within this state;
    d. the matters complained of herein involve services carried out in this state by defendants; and
    e. the incident that is the subject of this complaint occurred at a location within the state of North Carolina.

10. Since Plaintiff is a citizen and resident of Mecklenburg County, venue is proper in this Court pursuant to N.C.G.S. § 1-82.

## FACTUAL ALLEGATIONS

11. At all relevant times Oshkosh was a defense contractor for the United States of America, providing Joint Light Tactical Vehicles (JLTVs) and component parts and accessories to various branches of the military, including the United States Marine Corps ("USMC").

---

Oshkosh Corporation as well, pending discovery which will presumably shed light on level of involvement of one entity, the other, or both.

12. Baker was the "Site Lead" at a "JLTV Install Site" at Camp Lejeune, a North Carolina base for the USMC where the JLTVs were being assembled by Oshkosh.

13. At all relevant times, Plaintiff Dennis was a corporal in the USMC on active duty at Camp Lejeune.

14. On June 6, 2019, Cpl. Dennis was working as an Assistant Driver during an equipment transfer taking place at 2d Intelligence Battalion's Motor Pool, WC-501.

15. Cpl. Dennis was one of two seven-ton truck drivers who had delivered cargo from one location on the base to another location approximately 1-2 miles away to the install site.

16. The cargo on each truck consisted of twelve wooden crates, roughly 8' x 2' x 2' in size with each weighing 348 pounds.

17. The crates contained JLTV parts and were loaded in stacks of four.

18. They were properly loaded and secured by Cpl. Dennis and fellow Marines, with secondary safety checks being performed prior to departure.

19. After arriving at the install site, Cpl. Dennis and fellow Marines began unstrapping the crates and rolling up the cargo straps.

20. Oshkosh, by and through its employees or agents, was in control of the offloading process, including removing the cargo through the use of a forklift.

21. Oshkosh has a safety policy that forklift usage during offloads requires "two-person integrity," which means that an offload can only occur if the forklift operator has a "ground guide" at all times.

22. A ground guide is essential to the safe operation of a forklift, especially when unloading cargo that is stacked twelve feet high. A ground guide helps a forklift operator navigate safely around a given location, provide a sense of direction, and also helps facilitate communication between the operator and soldiers on the ground.

23. Oshkosh's "Site Lead" is responsible for safety and the daily operations of the JLTV Install Program as a whole, including the supervision of other Oshkosh employees and the establishment of appropriate policies and procedures regarding equipment offloads and transfers.

24. During the course of carrying out Oshkosh's work on base, Defendant Baker, as Site Lead, had regular morning meetings in which he discussed with his employees the plan for the day and general safety rules and issues.

25. After Cpl. Dennis and fellow Marines arrived at the install site, approximately twenty-five minutes passed and there had been no communication from Oshkosh employees about the offload, which was unusual.

26. At about this same time, Oshkosh's forklift operator evidently decided to begin the offload without signaling his intentions to Cpl. Dennis and his fellow Marines, without using a ground guide, and without providing any warning or notice to the Marines that the forklift operation was now underway.

27. Unbeknownst to Cpl. Dennis and fellow Marines, the operator approached the cargo from the passenger side cargo area of the truck (directly opposite Cpl. Dennis) and attempted to lift an entire stack of crates at one time with the forklift.

28. In doing so, he knocked the top two crates loose, causing them to fall off of the opposite side of the truck from a height of approximately twelve feet.

29. Cpl. Dennis had no notice or warning and no way of knowing that the operator had begun the offload, let alone without the presence of a ground guide.

30. The only notice Cpl. Dennis and fellow soldiers had of a problem was the sound of cracking wood, followed by the crates falling less than a second later.

31. Cpl. Dennis was unable to avoid the falling crates in time and was struck in his hip and lower extremities and pinned on the ground by the crates.

32. The forklift operator had not been aware that the soldiers were on the opposite side of the truck, and even after he knocked the crates on top of Cpl. Dennis, he not aware of what he had done and had to be told to immediately stop the offload so that Cpl. Dennis could be rescued.

33. During the fall, Cpl. Dennis hit his head on the pavement, blacked out temporarily, and sustained serious injuries which ultimately ended his military career.



photo of the crates at issue
taken shortly after incident

### FIRST CAUSE OF ACTION
### NEGLIGENCE
### (OSHKOSH DEFENSE, LLC)
### (OSHKOSH CORPORATION)

34. All prior allegations of this Complaint are incorporated herein by reference as if fully restated.

35. Oshkosh had a legal duty to exercise reasonable care in all matters related to the performance of its government contract and its work at Camp Lejeune.

36. This duty extends to any person who could foreseeably be injured by Oshkosh's negligence and includes but is not limited to a duty to properly train and supervise its employees and to establish uniform written policies and procedures regarding safety in all matters related to forklift operations, among other things.

37. Oshkosh breached its duties in ways including but not limited to:

a. failing to establish appropriate written protocol regarding cargo offloads with a forklift;
b. failing to properly train and supervise its employees;
c. failing to properly carry out and enforce the unwritten safety policies that it did have in place (*i.e.*, two-person integrity at all times);
d. failing to use the ordinary care of a reasonably prudent person under the circumstances then and there existing at all times relevant for the safety of Plaintiff;
e. failing to comply with all reasonable and proper industry customs and safety standards; and
f. any other breaches to become known during discovery.

38. In addition to Oshkosh's independent acts of negligence as alleged above, Oshkosh is also liable for the negligence of its managers, employees or agents under the doctrine of respondeat superior.

39. As such, the negligence of the site lead (Defendant Baker), the unidentified employee/forklift operator, and any other employees or agents whose negligence played a role in the incident, is imputed to Oshkosh by operation of law.

40. As a direct and proximate result of the acts and omissions by Oshkosh and its employees or agents, Cpl. Dennis suffered severe bodily injuries which resulted in permanent impairment and substantial economic and non-economic damages.

41. Cpl. Dennis is entitled to recover damages in an amount that exceeds twenty-five Thousand Dollars ($25,000.00) including, but not limited to the following:

a. past and future medical expenses;
b. past and future pain and suffering;
c. past wage loss and future loss of earning capacity;
d. permanent injuries;
e. scarring and disfigurement;
f. loss of household services; and
g. other damages as allowed by law.

42. As a further result of said injuries, Cpl. Dennis has received, and will in the future continue to receive, medical and hospital care and treatment provided by and through the United States of America. The Plaintiff, Cpl. Dennis, for the sole use and benefit of the United States of America, under the provisions of 42 U.S.C. 2651-2653 et seq. and 10 U.S.C. 1095, and with its express

consent, asserts a claim for the cost of said medical and hospital care and treatment and the value of future care.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
## (GREGORY A. BAKER)

43. All prior allegations of this Complaint are incorporated herein by reference as if fully restated.

44. Defendant Baker had a common law duty to exercise reasonable care in performance of his job as Site Lead at Camp Lejeune.

45. This duty extends to any person who could foreseeably be injured by his negligence and includes, but is not limited to a duty to properly train and supervise those under his charge, to establish uniform written policies and procedures regarding safety in all matters related to forklift operations, and to properly staff operations.

46. Baker breached his duties in ways including but not limited to:

   a. failing to establish appropriate written protocol regarding cargo offloads with a forklift;
   b. failing to properly train and supervise his employees;
   c. failing to properly carry out and enforce the unwritten safety policies that he did have in place (*i.e.*, two-person integrity at all times);
   d. failing to use the ordinary care of a reasonably prudent person under the circumstances then and there existing at all times relevant for the safety of Plaintiff;
   e. failing to comply with all reasonable and proper industry customs and safety standards; and
   f. any other breaches to become known during discovery.

47. Cpl. Dennis is entitled to recover damages in an amount that exceeds twenty-five Thousand Dollars ($25,000.00) including, but not limited to the following:

   a. past and future medical expenses;
   b. past and future pain and suffering;
   c. past wage loss and future loss of earning capacity;
   d. permanent injuries;
   e. scarring and disfigurement;
   f. loss of household services; and

g.  other damages as allowed by law.

48. As a further result of said injuries, Cpl. Dennis has received, and will in the future continue to receive, medical and hospital care and treatment provided by and through the United States of America. The Plaintiff, Cpl. Dennis, for the sole use and benefit of the United States of America, under the provisions of 42 U.S.C. 2651-2653 et seq. and 10 U.S.C. 1095, and with its express consent, asserts a claim for the cost of said medical and hospital care and treatment and the value of future care.

WHEREFORE, Plaintiff respectfully prays that he recover as follows:

1. That Plaintiff have and recover of Defendants, jointly and severally, judgment for a sum in excess of $25,000.00 plus interest thereon from and after the filing of this action, until paid, in the highest amount allowed by law.
2. That the costs of this action be taxed against Defendants.
3. For such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY

This the 1st day of March 2022.

LAW OFFICE OF MICHAEL D. MAURER, P.A.

By: _____
MICHAEL D. MAURER
NC Bar No.: 43466
1511 Sunday Drive, Suite 302
Raleigh, North Carolina 27607
Direct: (919) 229-8359
Fax: (919) 800-3278
mike@maurerlawpa.com
ATTORNEY FOR PLAINTIFF