IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JORDAN DENNIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OSHKOSH DEFENSE, LLC, ) | Case No. 3:22-cv-177-FDW-DCK |
| OSHKOSH CORPORATION, and ) | |
| GREGORY ANDREW BAKER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT, WITH INCORPORATED MEMORANDUM OF LAW

INTRODUCTION

Plaintiff, Jordan Dennis, pursuant to Fed. R. Civ. P. 15(a)(2), moves this Court for leave to file a First Amended Complaint in this matter. With the proposed amendment, Plaintiff seeks to add three recently discovered defendants to this action and to clarify, modify, and expand upon claims against existing defendants. Because Plaintiff seeks to add additional parties, leave of this Court is required. *See, e.g., Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993)(leave of court required where a plaintiff seeks to amend a complaint to add claims against defendants).

Plaintiff's amendment should be allowed for several reasons. First, the plain language of Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Second, Plaintiff's amendment should be permitted

under Fed. R. Civ. P. 20(a)(2), as Plaintiff's right to relief is being asserted against all defendants jointly and severally, arises out of the same transaction or occurrence, or series of transactions or occurrences, and has questions of law or fact common to all defendants in the action. Third, this litigation is in its infancy and no defendant would be prejudiced by the amendments, nor can it reasonably be shown that the amendments would be futile or are being made for any improper purpose.

Wherefore, Plaintiff respectfully requests that this Court grant leave to file and serve his First Amended Complaint in this matter along with summonses directed to the new defendants.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

This is a negligence action arising from an incident on June 6, 2019 at Camp Lejeune, North Carolina involving an active duty U.S. Marine Corporal, Jordan Dennis (Plaintiff) and various civilian contractors (Defendants). Plaintiff was involved in an incident in which a civilian contractor negligently operated a forklift and caused cargo to fall off of a truck and pin Plaintiff's legs underneath, causing permanent injuries and the loss of Plaintiff's military career. (Ex. A ¶¶1-3)

Plaintiff's Complaint was originally filed in Mecklenburg County Superior Court on March 1, 2022. (Doc. 1, Ex. A). All existing defendants have been served and have filed responses to Plaintiff's Complaint. (Doc. 1, Ex. E - Oshkosh Defendants) (Doc. 13 - Baker)

On April 22, 2022, the Oshkosh Defendants removed this action to the United States District Court, Western District of North Carolina on the basis of diversity

2

Case 3:22-cv-00177-FDW-DCK   Document 15   Filed 06/03/22   Page 2 of 7

jurisdiction pursuant to 28 U.S.C § 1332(a). (Doc. 1) Formal discovery has not commenced.

Plaintiff has now identified three new parties whom he seeks to add to this action:

- Tactical Workforce Solutions, Inc. D/B/A STS Aviation Group;
- Tactical Workforce Solutions, LLC D/B/A STS Technical Services;
- Thomas J. Hopkins, Jr.

Plaintiff alleges that the newly discovered defendants were agents of the primary government contractor, the Oshkosh Defendants. Thus, claims against the existing parties and proposed parties are interrelated and involve common issues of law and fact.

On June 1, 2022, the attorneys conducted their Rule 26(f) Conference and submitted their Proposed Discovery Plan on June 3, 2022 (Doc. 14). During the conference, the attorneys discussed that Plaintiff would seek to file a First Amended Complaint to add additional defendants. In anticipation of Plaintiff's Amendment, the attorneys have agreed to add sixty days to the deadlines set forth in the complex case track, subject to this Court's approval.

Following the Rule 26(f) conference, Plaintiff's counsel provided a copy of the proposed First Amended Complaint by e-mail to the attorneys for the defendants, and on the morning of June 3, 2022 provided the finalized version by e-mail as well. Pursuant to LCvR 7.1(b), Plaintiff attempted to formally obtain all defendants' consent to the Proposed First Amended Complaint. The Oshkosh Defendants have

formally consented, but as of this filing, Plaintiff is unable to state Defendant Baker's formal position.

LEGAL ARGUMENT

Under Fed. R. Civ. P. 15(a), "[a] motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). *See also*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Edwards v. City of Goldsboro*, 178 F.3d 231 242 (4th Cir. 1999), *quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

It is well-established that leave to amend a complaint under Fed. R. Civ. P. 15(a) should be "freely given when justice so requires." The U.S. Supreme Court has emphasized that "this mandate is to be heeded." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509-10 (4th Cir. 1986) (*quoting Foman v. Davi*s, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

No defendant will suffer prejudice because of the proposed amendments, nor is there any basis to conclude that the amendments would be futile or are sought for an improper purpose, but rather to ensure that all relief which may be asserted by Plaintiff will be pursued in the present action.

The existing defendants are aware that Plaintiff alleges the new parties are intertwined with the existing parties. As Plaintiff has also alleged, each defendant, both existing and proposed defendants, had a role in the acts and omissions that led to the subject incident and justice requires that each party be answerable for the

actions and inactions alleged herein. Plaintiff's proposed amendments will not delay the trial of this matter.

This Motion, along with the Proposed First Amended Complaint is being filed on June 3, 2022, in advance of the June 6, 2022 statute of limitations. "Where the petition for leave to amend . . . has been filed prior to expiration of the statute of limitations, while the entry of the court order and the filing of the amended complaint have occurred after," the "amended complaint is <u>deemed filed</u> within the limitations period." *See, e.g.*, *Mayes v. AT&T Info. Sys., Inc.,* 867 F.2d 1172, 1173 (8th Cir. 1989) (emphasis in original). As a party has no control over when a court renders its decision regarding a proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion. *See, e.g., Angles v. Dollar Tree Stores, Inc.*, 494 Fed. Appx. 326, 330 (4th Cir. 2012)(*citing Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993).

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Dennis respectfully requests that the Court grant his Motion for Leave to File a First Amended Complaint. Plaintiff further requests the following:

(1) In accordance with the authorities cited herein, Plaintiff's First Amended Complaint and the action as to the new defendants shall be deemed to have

5
Case 3:22-cv-00177-FDW-DCK   Document 15   Filed 06/03/22   Page 5 of 7

commenced on June 3, 2022 and deemed filed upon the Court's allowance of the Motion, should the Court so allow. Fed. R. Civ. P. 3; and

(2) Should the Motion be allowed, Plaintiff shall then present summonses to the clerk for signature and seal in accordance with Fed. R. Civ. P. 4(b).

In compliance with § 3(b)(iv) of this Court's Initial Scheduling Order, the undersigned attorney certifies that this memorandum complies with this Court's 4,500-word limitation for preliminary motions.

THIS the 3rd day of June 2022.

                                        LAW OFFICE OF MICHAEL D. MAURER, P.A.

                                        /s/ Michael D. Maurer
                             By: _____
                                        MICHAEL D. MAURER
                                        NC State Bar Number: 43466
                                        1511 Sunday Drive, Suite 302
                                        Raleigh, North Carolina 27607
                                        Direct: (919) 229-8359
                                        Fax: (919) 800-3278
                                        mike@maurerlawpa.com
                                        ATTORNEY FOR PLAINTIFF

# CERTIFICATE OF SERVICE

The undersigned herby certifies that, on the date below, he has electronically filed Plaintiff's Motion for Leave to File a First Amended Complaint and Memorandum of Law with the Clerk of Court using the CM/ECF system, which shall send notification of the filing of same to the following individuals:

THIS the 3rd day of June 2022.

Paul J. Osowski
NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
(704) 417-3000
paul.osowski@nelsonmullins.com

and

Anthony J. Colucci, III
Marybeth P. Mantharam
COLUCCI & GALLAHER, P.C.
2000 Liberty Building
Buffalo, New York 14202-3695
(716) 854-8671
mpm@colucci-gallaher.com

*Attorneys for Oshkosh Defense, LLC
and Oshkosh Corporation*

Kenneth B. Rotenstreich
Camilla F. DeBoard
TEAGUE ROTENSTREICH STANALAND FOX & HOLT, P.L.L.C.
101 S. Elem Street, Suite 350
Greensboro, North Carolina 27401
(336) 272-4810
kbr@trslaw.com
cfd@trslaw.com

*Attorneys for Defendant Gregory Andrew Baker*