IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-177-FDW-DCK

| | |
|---|---|
| JORDAN DENNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **PRIVACY ACT** |
| ) | **PROTECTIVE ORDER** |
| OSHKOSH DEFENSE, LLC, OSHKOSH ) | |
| CORPORATION, GREGORY ANDREW ) | |
| BAKER, TACTICAL WORKFORCE ) | |
| SOLUTIONS, LLC, D/B/A STS TECHNICAL ) | |
| SERVICES, d/b/a STS AVIATION GROUP, ) | |
| TACTICAL WORKFORCE SOLUTIONS, ) | |
| INC., d/b/a STS TECHNICAL SERVICES, ) | |
| and THOMAS J. HOPKINS JR., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Uncontested Motion For Entry Of Privacy Act Order Permitting Disclosure Of Federal Records" (Document No. 35) filed October 24, 2022. By the instant motion, the parties seek an order permitting disclosure of certain records in possession of the Department of the Navy for use in the above-captioned private litigation, pursuant to section (b)(11) of the Privacy Act, 5 U.S.C. § 552a.

Having carefully considered the motion and the record, the Court will grant the motion as follows below finding that records in the possession of the Department of the Navy relating to this litigation may be disclosed to all parties to be used solely for the purposes of this case and not otherwise.

**WHEREAS**, in this action, Plaintiff Jordan Dennis alleges that on June 6, 2019, he delivered cargo consisting of 12 wooden crates at a "JLTV Install Site" at Camp LeJeune, North Carolina, a military base for the United States Marine Corps. Plaintiff further alleges that a forklift

operator began unloading the cargo at the site when he knocked the top crates loose, causing them to fall off the truck and injure Plaintiff;

**WHEREAS** discovery sought in this action may require the production of certain confidential information, such as federal employee personnel files and medical records protected by the Privacy Act, 5 U.S.C. § 552a;

**WHEREAS** Plaintiff and Defendants have agreed to the entry of this Order protecting the confidentiality of such information, and there is good cause for the issuance of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS, THEREFORE, ORDERED** that:

1. In accordance with the provisions set forth below, the Court intends that confidential information and documents produced, obtained or exchanged in the course of this action shall be used by the party to whom such documents are produced, obtained or exchanged solely for the purposes of this lawsuit and for no other purpose.

2. Any documents produced or exchanged between the Navy, Plaintiff, and the Defendants, and any information contained in discovery, including but not limited to deposition testimony and deposition exhibits, which a party believes is protected from disclosure under governing law, may be designated as "Confidential." All documents and information so designated and all copies thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party designating information as Confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this

2

Order; and provided further that nothing in this Order shall prevent any party from challenging the designation of any document as Confidential.

3. Any party may designate a document as Confidential pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "CONFIDENTIAL" or may, in the alternative, by written notice inform opposing counsel that the document is to be treated as Confidential Information. It is agreed by the parties that if a party wishes to maintain the confidentiality of the document in a brief or other court-filed document, then the party must follow the procedures set forth in paragraphs 9 and 10 of this Consent Protective Order. Further, initially designating a document as Confidential does not obligate either party to later file it under seal unless so required by this Court.

4. Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Order.

5. The following documents are to be designated as "CONFIDENTIAL" and released by the Navy pursuant to subpoena, as well as the Privacy Act, 5 U.S.C. § 552a(b)(11): All documents described in Exhibit A.

6. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating information as Confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

a. The parties and their attorneys, insurance companies/adjusters, legal assistants, and other employees of the parties who have a need to handle the Confidential Information under normal office procedure;

b. Experts or consultants retained by the parties with respect to this action;

c. Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial);

d. This Court and its staff; and

e. Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

7. Any party may also designate portions of a deposition as Confidential Information by notifying the other party in writing within twenty (20) days of receipt of the transcript of the portions that are designated Confidential. All depositions shall be treated as confidential during this twenty (20) day period. Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following: "CONFIDENTIAL." Any party wishing to use Confidential Information within a deposition transcript shall follow the procedures set forth in paragraph 9 and 10 in this Consent Protective Order.

8. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistent with the terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

9. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered confidential; or

d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

10. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out findings in a proposed order to seal for the court.

11. When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

12. The Confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. At the conclusion of this litigation, including any appeals which may be filed, each party will return to the other all Confidential Information, including copies, received from the other during the course of this litigation, or shall destroy all Confidential Information and certify in writing to counsel that the Confidential Information has been destroyed.

13. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

**SO ORDERED**.

Signed: October 24, 2022

_____
David C. Keesler
United States Magistrate Judge

**AGREED TO BY**:

s/Michael D. Maurer (with consent)
Michael D. Maurer, Esq. Bar No. 43466
Law Office of Michael D. Maurer, P.A.
19720 Jetton Rd., Suite 300-M
Cornelius, NC 28031
Raleigh, North Carolina 27607
mike@maurerlawpa.com
*Attorneys for Plaintiff*


s/Marybeth P. Mantharam
Marybeth P. Mantharam, Esq. (PHV)
Colucci & Gallaher, P.C.
2000 Liberty Building
424 Main Street
Buffalo, NY 14202
mpm@colucci-gallaher.com
and
Paul Osowski, Esq. (Bar No. 23423)
Nelson, Mullins, Riley & Scarborough
One Wells Fargo Center, Suite 2300
301 South College Street
Charlotte, NC 28202
paul.osowski@nelsonmullins.com
*Attorneys for Oshkosh Defense and
Oshkosh Corporation*

s/Camilla F. DeBoard (with consent)
Kenneth B. Rotenstreich, Esq. Bar No.14293
Camilla F. DeBoard, Esq. Bar No. 41265
Teague Rotenstreich Stanaland
Fox & Holt, P.L.L.C.
101 S. Elm Street, Suite 350
Greensboro, North Carolina 27401
kbr@trslaw.com
cfd@trslaw.com
*Attorneys for Gregory Andrew Baker and
Thomas J. Hopkins, Jr.*


s/Danielle C. Le Jeune (with consent)
Danielle C. Le Jeune, Esq. (PHV)
Cozen O'Connor
The Promenade
1230 Peachtree Street, NE, Suite 400
Atlanta, GA 30309
DLeJeune@cozen.com
and
Denise L. Bessellieu, Esq. Bar No. 42689
Cozen O'Connor
One Wells Fargo, Suite 2100
301 S. College Street
Charlotte, NC 28202
dbessellieu@cozen.com
*Attorneys for Tactical Workforce Solutions, Inc.
d/b/a STS Aviation Group and
Tactical Workforce Solutions LLC*